Pedro S. Bonilla, SBN: 127587
Law Office of Pedro S. Bonilla
2417 Marshall Ave., Ste3
Imperial, CA 92251
Telephone: (760) 355-3300
Facsimile:  (760)355-3305

Attorney for Defendant
Hugo Luciano Esquivias-Castillo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(HON. JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-CR-891 |
| Plaintiff, | Date: April 25, 2008<br>Time: 11:00 a.m. |
| v. | |
| HUGO LUCIANO ESQUIVIAS-CASTILLO, | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTIONS** |
| Defendant. | |

## STATEMENT OF FACTS

According to police reports on March 12, 2008, at approximately 12:15 a.m. a white semi-truck with a trailer approached the Highway 86 Border Patrol checkpoint. At that time Border Patrol agent D. Carney asked the driver and a passenger, later identified as Hugo Luciano Esquivias-Castillo and Marcos Ramirez-Garcia, to state their citizenship. Both stated that they were Mexican Citizens, and provided valid DEP-150's and I-94's. BPA Carney noticed that Esquivias was nervous during the interview. Canine Agent T. Delgado Advised BPA Carney that his service canine, Rambo-C, alerted to the rear of the trailer. BPA Carney asked Esquivias for permission to search the semi-truck and trailer. Esquivias gave consent and pulled into secondary. Once BPA Delgado gained access to the rear of the trailer, he discovered 19 suspects who were latter determined to illegally in the US. Esquivias and Ramirez were subsequently taken into custody. Both Esquivias and Ramirez stated that they picked up the truck and trailer in Calexico,

1

Checked the seal and bill of lading, both seemed ok and drove the truck and trailer toward Moorpark, California when stopped at the Highway 86 BP Checkpoint. They both denied knowledge of the 19 illegals in the trailer.

## MOTION TO COMPEL FURTHER DISCOVERY

Mr. Hugo Luciano Esquivias-Castillo requests the following discovery pursuant to Fed. R. Crim. P. 12(b)(4) and as well the Fifth and Sixth Amendments:

(1) all written and oral statements made by Mr. Hugo Luciano Esquivias-Castillo. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Mr. Hugo Luciano Esquivias-Castillo are contained. It also includes the substance of any oral statements which the government intends to introduce at trial. These are all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). Mr. Hugo Luciano Esquivias-Castillo also requests any response to any Miranda warnings which may have been given to him. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

(2) all documents, statements, agents reports, and tangible evidence favorable to Mr. Hugo Luciano Esquivias-Castillo on the issue of guilt or punishment and/or which affects the credibility of the governments case. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and United States v. Agurs, 427 U.S. 97 (1976);

(3) all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(l)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. Mr. Hugo Luciano Esquivias-Castillo specifically requests reasonable notice pursuant to Fed. R. Evid 404(b) of at least four weeks prior to trial, of any evidence the government intends to introduce at trial under this rule;

(4)  all evidence seized as a result of any search, either warrant less or with a warrant.

1  Mr. Hugo Luciano Esquivias-Castillo also specifically requests copies of all photographs,
2  videotapes or recordings made in this case. This is available under Fed. R. Crim. P. 16(a)(l)(C);
3      (6)   all arrest reports, investigators notes, memos from attesting officers, sworn
4  statements and prosecution reports pertaining to Mr. Hugo Luciano Esquivias-Castillo, including
5  notes taken by agents relating to the arrest of Mr. Hugo Luciano Esquivias-Castillo and the
6  statements of made by Mr. Marcos Daniel Ramirez-Garcia., and copies of any dispatch tapes made
7  in this case. These are available under Fed. R. Crim. P. 16(a)(l)(B) and ), Fed. R. Crim. P. 26.2 and
8  12(I); the personnel file of the interviewing agent(s) containing any complaints of assaults, abuse of
9  discretion and authority and/or false arrest. Pitchess v. Superior Court, 11 Cal. 3d. 531, *539*
10 (1974). In addition, the defense requests that the prosecutor examine the personnel files of all
11 testifying agents, and turn over Brady and Giglio material reasonably in advance of trial. United
12 States v. Henthorn, 931 F.2d 29, 30-31(9th Cir. 1991). If the prosecutor is unsure as to whether
13 the files contain Brady or Giglio material, the files should be submitted to the Court, in camera. Id.
14 The prosecution should bear in mind that there exists an affirmative duty on the part of the
15 government to examine the files. Id.
16     (7)   Mr. Hugo Luciano Esquivias-Castillo requests copies of any and all audio/video tape
17 recordings made by the gents in this case and any and all transcripts, including taped recordings of
18 any conversations of any of the agents involved in this case. This evidence is available under
19 Fed. R. Crim. P. 16(a)(I)(C);
20     (8)   Mr. Mr. Hugo Luciano Esquivias-Castillo specifically requests the name and last known
21 address of each  prospective government witness. See United States v. Napue, 834 F.2d 13 1 1
22 (7th Cir. 1987); United States v. Tucker, 716 F.2d *583* (9th Cir. 1983 ) (failure to interview
23 government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181
24 (9th Cir. 1979) (defense has equal right to talk to witnesses).
25     (9)   all other documents and tangible objects, including photographs, books, papers,
26 documents, photographs, or building or places or copies of portions thereof which are
27
28

material to Mr. Hugo Luciano Esquivias-Castillo defense or intended for use in the governments case-in-chief or were obtained from or belong to Mr. Hugo Luciano Esquivias-Castillo, Rule 16(a)(l)(C);

(10)   all results or reports of scientific tests or experiments, or copies of which are within the possession, control, or custody of the government or which are known or become known to the attorney for the government, that are material to the preparation of the defense, including the opinions, analysis and conclusions of experts consulted by law enforcement including finger print specialists in the instant case. These must be disclosed, once a request is made, even though obtained by the government later, pursuant to Fed.R.Crim.Pro. 16(a)(l)(D).

(11)   any express or <u>implicit</u> promise, understanding, offer of immunity, of past, present, or future compensation, agreement to execute a voluntary return rather than deportation or any other kind of agreement or understanding between <u>any</u> prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax liability. <u>United States v. Shaffer</u>, 789 F.2d 682 (9th Cir. 1986); <u>United States v. Risken</u>, 788 F. 2d 1361 (8th Cir. 1986); <u>United States v. Luc Levasseur</u>, 826 F.2d *158* (1st Cir. 1987);

(12)   any discussion with a potential witness about or <u>advice</u> concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed. <u>Brown v. Duggen</u>, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); <u>Haber v. Wainwright</u>, 756 F.2d *1520,* 1524(11th Cir. 1985);

(13)   any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. <u>See</u> Rule 608(b), Federal Rules of Evidence and <u>Brady</u>

(14)   any evidence that any prospective witness is under investigation by federal, state

4

1 | or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.),
2 | <u>cert. denied</u>, 474 U.S. 945 (1985); and,

3 |     (15)    any evidence, including any medical or psychiatric report or evaluation, tending
4 | to show that any prospective witness's ability to perceive, remember, communicate, or tell
5 | the truth is impaired; and any evidence that a witness has ever used narcotics or other
6 | controlled substance, or has ever been art alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197
7 | (9th Cir. July 11, 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

8 |     (16)    the name and last known address of every witness to the crime or crimes charged
9 | (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a
10 | government witness. <u>United States v. Cadet</u>, 727 F.2d 1469 (9th Cir.1984);

11 |     (17)    the name of any witness who made an arguably favorable statement concerning
12 | the defendant or who could not identify him or who was unsure of his identity, or
13 | participation in the crime charged including any undocumented persons returned to Mexico.
14 | <u>Jackson v. Wainwright</u> 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>,
15 | 637 F.2d 213, 223 (4th Cir. 1980); <u>James v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978);
16 | <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1975);

17 |     (18)    Mr. Hugo Luciano Esquivias-Castillo requests a transcript of the grand jury testimony
18 | and rough notes of all witnesses expected to testify <u>at the motion hearing</u> or at trial. This evidence
19 | is discoverable under Fed. R. Crim. P. 12(1) and 26 and will be requested; and <u>Jencks Act</u>
20 | <u>Material</u>. The defense requests all material to which defendant is entitled pursuant to the Jencks
21 | Act, 18 U.S.C. § *3500,* reasonably in advance of trial, including dispatch tapes. A verbal
22 | acknowledgment that "rough" notes constitute an accurate account of the witness interview is
23 | sufficient for the report *or* notes to qualify as a statement under §3500(e)(l). <u>Campbell v. United</u>
24 | <u>States</u>, *373* U.S. 487, 490-92 (1963). In <u>United States v. Boshell,</u> *952* F.2d 1101 (9th Cir.
25 | 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the
26 | interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of

Jencks material to expedite cross- examination and to avoid lengthy recesses during the pre-trial motions hearings or trial.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Hugo Luciano Esquivias-Castillo and defense counsel have received limited discovery in this case. As new information surfaces due to the government providing discovery in response to these motions or an order of this Court, the defense may file further motions. Therefore, defense counsel requests the opportunity to file further motions.

### CONCLUSION

For the reasons stated above, Mr. Hugo Luciano Esquivias-Castillo moves this Court to grant his motions, and accord such other relief as seems just.

Respectfully submitted,

Dated: April 13, 2008

/s/Pedro S. Bonilla
Attorney for Defendant
Hugo Luciano Esquivias-Castillo